FIRST DEPARTMENT, JANUARY, 1971

(January 12, 1971)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THOMAS J. KANCAR, Appellant.—

Concur— Markewich, McNally and Macken, JJ.; McGivern, J. P., dissents in the following memorandum: I would reverse and grant a hearing on the question of deprivation of right to appeal because of failure of counsel to advise him of such right to appeal the 1947 conviction. At the time the defendant was 19 years of age, apparently without funds; the attorney was hired by his parents; according to the defendant, the attorney was "a Civil Suit lawyer who had not the slightest idea of the gravity of such a plea or its consequences"; nor did the court advise him of his right. The fact that the defendant has completed his sentence is no bar to the relief requested. He continues to suffer the impact of the first sentence, by virtue of his 1952 conviction and sentence, as a second felony offender, to a not less than 30 nor more than 60 years. (See *People* v. *Lynch,* 33 A D 2d 515; *People* v. *Smith,* 35 A D 2d 777 [1st Dept., 1970].) Nor does the guilty plea preclude a *Montgomery* hearing. This contention has been rejected by three Departments of the Appellate Division of this State. (*People* v. *Brown,* 33 A D 2d 1031 [2d. Dept., 1970]; *People* v. *Nostro,* 33 A D 2d 693 [2d. Dept., 1969]; *People* v. *Winslow,* 31 A D 2d 561 [3d. Dept., 1968; *People* v. *Haynes,* 33 A D 2d 992 [4th Dept., 1970].) Until constrained otherwise, I would accept the soundness of these holdings. I am mindful also of the recent case of *People* v. *Carlos* (26 N Y 2d 797) but I do not believe it is dispositive of this question because as appears in the syllabus of that case the People there argued (p. 798) "defendant did not allege ignorance of his right to appeal or attribute his failure to appeal to the absence of advice from his counsel". A fair reading of the petition herein warrants an initial construction that defendant was ignorant of any right to appeal. Thus, a hearing is in order. "A defendant is not required to prove that his appeal has substantial merit before he is entitled to the hearing here requested". (*People* v. *Haynes,* *supra.*) In any event, I view the sentence of 30-60 years as a second felony offender (the first predicated on an offense committed when 19 years of age) as a harsh and bitter sentence, out of joint with modern standards of penology and one that commends itself to executive clemency.